UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No. 2:17-cv-02484 MCE CKD P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATION |
| OFFICER BRADLEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §

1

1915(b)(2).

**I.      Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

All of the allegations in plaintiff's complaint occurred while he was an inmate at Mule Creek

State Prison. The complaint names three individual officers as defendants who are sued in their individual as well as official capacities. According to the allegations in the complaint, Officer Bradley ordered plaintiff to provide a urine sample in December 2015 in retaliation for plaintiff's report of a drug dealer and alcohol maker in the prison.[1] ECF No. 1 at 2-3. Plaintiff also alleges that these actions were done in retaliation for a lawsuit that plaintiff filed against officers who were involved in an undescribed June 27, 2014 incident. Id. at 3. Defendant Bradley issued plaintiff a rules violation report or "115" after plaintiff indicated that he did not want to provide a urine sample due to his chronic diseases. Id. at 2. Defendant Bradley then conducted a nude search of plaintiff and made him wait for the urine test for "about 3 hours in [the] cold weather [of] 30º or less outside." Id. at 2. These actions caused plaintiff to suffer pain, emotional distress, embarrassment, and heart problems. Id. at 4. Plaintiff alleges that defendant Bradley's actions violated the First and Eighth Amendments to the federal Constitution. Id. at 2-3.

Defendant Hang was appointed plaintiff's employee assistant for the administrative hearing related to the 115 issued by defendant Bradley. ECF No. 1 at 8. According to plaintiff, defendant Hang did not do anything to help plaintiff, who is not a native English speaker, and failed to explain the hearing procedure to him. Id. These actions allegedly constituted a violation of the due process clause. Id.

Plaintiff further alleges that defendant Mrs. Santillan violated his right to due process when she found him guilty of the 115 issued by defendant Bradley. ECF No. 1 at 5. Specifically, plaintiff states that defendant Santillan did not call any of plaintiff's witnesses at the hearing and she refused to delay the hearing, all allegedly done in violation of due process. Id. By way of relief, plaintiff is seeking compensatory and punitive damages.

**III. Analysis**

**A. Official Capacity Claims**

At the outset, the court notes that plaintiff brings this action against defendants in both

---

[1] The complaint also lists this defendant as "Brandley." Compare ECF No. 1 at 1 with ECF No. 1 at 3. However, the court will refer to this defendant as "Bradley" as that is the spelling used the most in the complaint.

3

their official and individual capacities. However, plaintiff may not bring a suit for damages against defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991). Therefore, plaintiff fails to state a claim for damages against defendants in their official capacities since he is not seeking declaratory or injunctive relief.

**B. Conditions of Confinement**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. Morgan, 465 F.3d at 1045 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, a prison official may be held liable under the Eighth

Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. at 837–45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

With respect to plaintiff's Eighth Amendment claim against defendant Bradley, the complaint is devoid of sufficient facts that rise to the level of a constitutional violation. Plaintiff alleges a single instance of being exposed to cold weather in the nude for a period of "about 3 hours." This is not "objectively, sufficiently serious" to support a cognizable claim for violation of the Eighth Amendment. Furthermore, he does not allege that defendant Bradley knew of and disregarded an excessive risk to his health and safety. However, the court will grant plaintiff leave to amend this claim.

**C. Retaliation**

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. Waitson v. Carter, 668 F.3d 1108, 1114–1115 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). A retaliation claim has five basic elements. Waitson, 668 F.3d at 1114. First, the plaintiff must show that the retaliated-against conduct is protected. Id. The filing of an inmate grievance is protected conduct, Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. Rhodes, 408 F.3d at 567. Third, the plaintiff must show a causal connection between the adverse action and the protected conduct. Waitson, 668 F.3d at 1114. Fourth, the plaintiff must show that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must show "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution…." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

It bears repeating that while plaintiff need only show facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, Iqbal, 556 U.S. at 678–79, and the Court is "not required to indulge unwarranted inferences," Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The conduct identified by plaintiff as retaliatory must have been motivated by his engaging in a protected activity, and the retaliatory conduct must not have reasonably advanced a legitimate penological goal. Brodheim, 584 F.3d at 1271–72 (citations omitted). Thus, merely showing that plaintiff engaged in protected activity, without knowledge resulting in animus by a defendant, is insufficient to show that plaintiff's protected activity was the motivating factor behind a defendant's actions.

Plaintiff's allegations of retaliation for protected conduct are too conclusory to be cognizable. Plaintiff has failed to state sufficient facts that show the link between plaintiff's filing of a lawsuit in 2014 against unknown correctional officers and defendant Bradley's knowledge of such lawsuit a year and a half later to establish the requisite animus behind the defendant's acts of conducting a nude search of plaintiff and ordering plaintiff to provide a urine sample. Therefore, plaintiff's complaint fails to state a cognizable retaliation claim against defendant Bradley. However, the court will grant plaintiff leave to amend.

**D. Due Process**

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The issuance of a false disciplinary allegation does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN P, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing

Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)).

With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnel, 418 U.S. 539, 563–71 (1974). As long as the five minimum Wolff requirements are met and there is some evidence in the administrative record to support the decision of the hearing officer, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Superintendent v. Hill, 472 U.S. 445, 455 (1985).

It appears to the court that plaintiff is attempting to state a due process claim against defendant Bradley for issuing plaintiff a rules violation report in December 2015. However, even if the court assumes that defendant Bradley issued a false report of plaintiff's conduct, that is not sufficient to support a due process claim. For this reason, plaintiff fails to state a cognizable due process claim against defendant Bradley. Leave to amend shall not be granted with respect to this claim.

In support of his due process allegation against defendant Santillan, plaintiff alleges that she failed to call unspecified witnesses at his prison disciplinary hearing and failed to continue the hearing date itself. The conclusory assertion that defendant Santillan failed to call unknown witnesses is not enough to state a cognizable due process claim. See Wolff, 418 U.S. at 563-71. As stated above, vague and conclusory allegations are insufficient to state a claim. Plaintiff will be given the opportunity to amend his complaint to state a due process claim against defendant Santillan.

/////

### E. Duplicative Defendant

Court records indicate that plaintiff is suing defendant Hang in an earlier-filed action in Sekona v. Lizarraga, 2:17-cv-00346 KJM EFB, for failing to provide plaintiff with assistance at a December 2015 disciplinary hearing. Plaintiff may not bring duplicative suits against the same defendant alleging the same claims for relief. Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dept. Of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)). Accordingly, the undersigned recommends dismissing defendant Hang with prejudice based on the duplicative nature of the allegations. See 28 U.S.C. § 1915(e)(2)(B)(i); see also Adams v. California, 487 F.3d 684, 692-93 (9th Cir. 2007) (dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation" finding that a plaintiff is required to bring all claims that relate to the same transaction or event at one time), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008); Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of then-numbered 28 U.S.C. § 1915(d)).

### IV. Leave to Amend

The court will grant plaintiff leave to amend his claims only as to the Eighth Amendment and retaliation claims defendants Bradley and the due process claim against defendant Santillan.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V. Plain Language Summary for Pro Se Party

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. After reviewing the allegations in your complaint, the court has identified several problems that prevent your case from being served on any defendants at this time. The problems with your complaint that may be fixable include the retaliation and Eighth Amendment claims against defendant Bradley and the due process claim against defendant Santillan. The court is giving you the chance to file a first amended complaint to fix the problems outlined in this order. If you want to try to fix these problems, then you have 30 days to file a first amended complaint.

The problems with the complaint that are not fixable are the claims against defendant Hang, the due process claim against defendant Bradley for issuing a false rules violation report, and the claims against defendants Bradley and Santillan in their official capacities. These claims should not be included in any first amended complaint. If you do not agree with this part of the court's decision, then you may file "Objections to Magistrate Judge's Findings and Recommendations" within 21 days.

/////

9

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 7, 8) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Eighth Amendment and retaliation claims against defendant Bradley and the due process claim against defendant Santillan are dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS FURTHER RECOMMENDED that:

1. Defendant Hang be dismissed with prejudice from this civil action based on the duplicative nature of the allegations in the complaint;
2. The due process claim against defendant Bradley for issuing plaintiff a false rules violation report be dismissed without leave to amend; and,
3. The official capacity claims against defendants Bradley and Santillan be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with

/////
/////
/////
/////
/////

10

the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 23, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/seko2484.14.new.docx