1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ETUATE SEKONA,                          No. 2:17-cv-02484 MCE CKD P

12              Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14    OFFICER BRADLEY, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18    action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to

19    28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's first amended complaint is now before the

20    court for screening following this court's May 23, 2018 order dismissing his original complaint

21    with leave to amend as to certain claims and defendants.  See ECF No. 9.  By order dated

22    September 4, 2018, the district court judge assigned to this case dismissed defendant Hang with

23    prejudice based on the duplicative nature of the allegations in the complaint.  ECF No. 15.  The

24    court also dismissed the due process claim against defendant Bradley and the official capacity

25    claims against defendant Bradley and Santillan all without leave to amend.  Id.

26    I.    Screening Standard

27        The court is required to screen complaints brought by prisoners seeking relief against a

28    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.        Allegations in the First Amended Complaint

While an inmate at Mule Creek State Prison, plaintiff contends that defendant Bradley required him to wait outside in the 30-degree weather without a jacket or beanie on his head for "about 3 hours" on December 29, 2015 in order to provide a urine sample. ECF No. 14 at 3. After waiting this period of time, plaintiff was ordered to take off all his clothes before he provided a urine sample. Id. at 3-5. Plaintiff asserts that this violated state prison regulations and caused him to suffer dizziness, high blood pressure, and exacerbated his PTSD and CTE symptoms. Id. at 3. Ultimately, plaintiff decided not to provide a urine sample and was issued a rule violation report by defendant Bradley. Id. at 5.

At the January 2, 2016 disciplinary hearing on the rule violation, plaintiff alleges that defendant Santillan denied him witnesses. ECF No. 14 at 10-21. However, plaintiff never identifies any particular witness that he requested at his hearing or describes how such testimony would have assisted him.

Plaintiff also alleges that defendants' conduct was retaliatory in nature because plaintiff filed a civil rights lawsuit against other Mule Creek prison guards in March of 2016. ECF No. 14 at 8, 22. However, the lawsuit was not filed until after the events alleged in the amended complaint.

## III.        Analysis

The court finds that plaintiff has failed to cure any of the deficiencies identified in his original complaint with respect to the allegations against either defendant Bradley or Santillan. In the screening order of plaintiff's original complaint, plaintiff was advised that he failed to allege that defendant Bradley knew of and disregarded an excessive risk to his health and safety by making him wait outside in the cold. ECF No. 9 at 5. This was fatal to any Eighth Amendment claim for relief. The court previously granted plaintiff leave to amend this claim. However, plaintiff has not provided any additional information in the first amended complaint with respect

to this allegation.  Accordingly, plaintiff has failed to state a valid Eighth Amendment claim against defendant Bradley.

Likewise, the procedural due process claim against defendant Santillan once again fails to state a claim for relief.  Plaintiff asserts that she failed to call witnesses at his prison disciplinary hearing, but the court previously informed plaintiff that the failure to call unspecified witnesses is not enough to state a cognizable due process claim.  ECF No. 9 at 7.  Leave to amend this claim was granted, but plaintiff has failed to correct this deficiency in his first amended complaint.

With respect to plaintiff's alleged retaliation claim, the court previously found that the complaint failed to state sufficient facts that show the link between plaintiff's filing of a lawsuit in 2016 and defendants' knowledge of such a lawsuit in order to establish the requisite animus behind defendants' actions.  ECF No. 9 at 6.  Plaintiff now alleges that "all officials in MCSP knew about it," but the court takes judicial notice of the fact that this lawsuit was not filed until March 2016, after the events alleged in the amended complaint.  Therefore, it does not provide a sufficient factual basis upon which plaintiff can predicate a retaliation claim against defendants.

### III.     No Leave to Amend

In dismissing a complaint, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

Despite the instructions plaintiff was given regarding the type of information necessary to state a claim for relief, the allegations in the first amended complaint still fall far short of a constitutional violation.  The court therefore concludes that plaintiff has no further facts to allege and is convinced that further opportunities to amend would be futile.  Accordingly, the undersigned recommends that the complaint be dismissed without leave to amend.

## IV. Plain Language Summary for Pro Se Party

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read the allegations in your first amended complaint and is recommending that it be dismissed without leave to amend because the things that you are complaining about do not state constitutional violations. If this recommendation is accepted by the district court judge assigned to your case, this case will not proceed any further and this civil action will be closed. If you disagree with this outcome in your case, you may file written "Objections to the Magistrate Judge's Findings and Recommendations" within 14 days from the date of this order.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without further leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/seko2484.14amd.new.docx

4